# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA *Ex rel. Martin Schell, Relator*, Plaintiff, v. BLUEBIRD MEDIA, LLC and BLUEBIRD NETWORK, LLC Defendants. | No. 2:12-CV-04019-NKL |

## ORDER

Relator Martin Schell filed this lawsuit against Defendants Bluebird Media and Bluebird Network (collectively, Bluebird) alleging violations of the False Claims Act and Missouri Service Letter statute. In February 2014, the Court granted summary judgment on all counts in favor of Bluebird, [Doc. 66]. Schell appealed the Court's ruling and this case is now before the United States Court of Appeals for the Eighth Circuit. Before the Court is Bluebird's Motion to Require Relator Schell to Post a Bond on Appeal Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, [Doc. 117]. For the reasons set forth below, the Motion is GRANTED in part and DENIED in part.

**I.     Discussion**

Rule 7 of the Federal Rules of Appellate Procedure states that "a district court may require an appellant to file a bond or provide other security in any form and amount

necessary to ensure payment of costs on appeal." "The purpose of an appellate cost bond is the protection of appellees' rights by providing some level of security to [appellees] who have no assurance that [a]pellants have the ability to pay costs and fees associated with opposing their appeals." *In re Uponor, Inc., F1807 Plumbing Products Liab. Litig.*, 2011 WL 3984542 at *2 (N.D. Minn. 2012); *Berry v. Deutsche Bank Trust Co. Ams.*, 632 F.Supp.2d 300, 307 (S.D.N.Y. 2009). In determining the appropriateness of requiring an appellant to post a bond, courts consider "(1) the appellant's financial ability to post a bond, (2) the risk that the appellant would not pay appellee's costs if the appeal loses, (3) the merits of the appeal, and (4) whether the appellant has shown any bad faith or vexatious conduct." *Berry*, 632 F.Supp.2d at 307.

Bluebird argues that Schell should be required to post a bond for $68,000 in costs and attorney's fees. Schell argues that should the Court require him to post a bond, the bond amount should only be for Bluebird's costs, $250.00, and not its attorney's fees, $67,750.00. The Circuits are split on whether an attorney's fees are "costs on appeal" that may be considered in a Rule 7 bond. No precedent from the Eighth Circuit exists. However, even if the Court has discretion to include such amounts in an appellate bond, the Court finds that there is insufficient evidence that Schell has the ability to pay such a bond.

Further, even if the fee shifting provision in the False Claims Act could be interpreted to include an attorney's fees within the definition of expenses, the False Claims Act only provides for the award of those costs upon a finding by the district court that "the claim of the person bringing the action was clearly frivolous, clearly vexatious,

2

or brought primarily for purposes of harassment." 31 U.S.C. § 3730(d)(4); s*ee also Young v. New Process Steel*, 419 F.3d 1201, 1204-08 (11th Cir. 2005). In granting summary judgment in favor of Bluebird, the Court did not find and does not find that Schell's claims were clearly frivolous, vexatious, or intended to harass Bluebird. Therefore, the appropriate bond amount in this case is $250.00. This amount covers the filing fee and is an amount that Schell can afford. The Court has considered the following factors to reach this conclusion.

The first factor to consider in determining whether an appellant should be required to post a bond under FRAP 7 is the appellant's financial ability to pay the bond. Schell is financially capable of paying a $250.00 bond and requiring him to do so will not pose an impermissible barrier to appeal. Schell has presented no evidence demonstrating that he lacks the financial ability to post such a bond. *See In re Initial Pub. Offering Sec. Litig.*, 728 F.Supp.2d 289, 293 (S.D.N.Y. 2010).

The second factor is the risk that Schell would not pay Bluebird's costs if Schell loses on appeal. While $250.00 does not appear to be too onerous of a post-appeal obligation, there is still a risk Schell will not pay costs. Schell does not dispute Bluebird's contention that he is an independent contractor who has not found full time work since his termination from Bluebird. [Doc. 118, at p. 2-3]. There is also no evidence Schell has offered to guarantee payment of costs assessed against him. *In re Initial Pub. Offering Sec. Litig.*, 728 F.Supp.2d at 293 (concluding that there was a risk of non-payment where objectors to a class settlement were dispersed throughout the country and did not offer to guarantee payment of costs). Further, should Schell lose his appeal,

3

it is possible he will also be responsible for his own attorney's fees and costs. The risk that Schell will not pay post-appeal fees assessed against him is a factor in favor of imposing a bond.

The third factor involves the merits of Schell's appeal. Though summary judgment was granted in favor of Bluebird, the Court did not conclude that Schell's claims were frivolous. Both parties submitted substantial briefs in favor of their respective positions which required extensive research and analysis by the Court. While the Court is confident in its analysis and ultimate conclusion granting summary judgment in favor of Bluebird, the Court cannot conclude that Schell's appeal is frivolous.

The last factor to consider is whether Schell has shown any bad faith or vexatious conduct. Bluebird argues Schell has conducted himself in bad faith throughout this litigation by failing to conduct significant discovery but then requesting an extension at the last minute, by failing to provide notice to Bluebird of a subpoena issued to a third-party which resulted in disclosure of documents protected by the attorney-client privilege, and by failing to comply with the Court's Protective Order when he failed to file a confidential document under seal. While these actions may have, at times, muddled otherwise ordered litigation, they do not rise to the level of bad faith. This is not a case where, for instance, the appellant is litigious and files numerous, baseless lawsuits, *Sckolnick v. Harlow*, 820 F.2d 13, 15 (1st Cir. 1987), or where the appellant is a serial litigant and has extorted an exorbitant fee in exchange for withdrawing his appeal, *In re Initial Pub. Offering Sec. Litig.*, 728 F.Supp.2d at 295. Arguably, Schell's contention that part of his appeal is based on the Court's denial of his request for a discovery

extension is an argument made in bad faith considering the Court's reasons for denying the extension – found in both the original Order denying the extension, [Doc. 53], and the Order denying Schell's Motion for Reconsideration, [Doc. 77]. Regardless, "a demonstration of 'bad faith' or even 'vexatious conduct' is not required for an appeal bond to be awarded." *Stillman v. InService America Inc.*, 838 F.Supp.2d 138, 140 (S.D.N.Y. 2011). Based on the factors above – particularly, the appellant's ability to pay the bond and the risk that he will not subsequently be able to pay Bluebird's costs post-appeal – a Rule 7 bond in the amount of $250.00 is appropriate.

## II. Conclusion

Bluebird's Motion to Require Relator Schell to Post a Bond on Appeal Pursuant to Rule 7 of the Federal Rules of Appellate Procedure, [Doc. 117], is GRANTED in part and DENIED in part. Within fourteen days of this Order, Schell must deliver, in person or by mail, a cashier's check in the amount of $250.00 made payable to the Clerk of the Court to:

> United States District Court for the Western District of Missouri
> Attention: Laura Schwaller, Finance Division
> 400 East 9th Street
> Kansas City, MO 64106

If Schell elects to use a bond insurance company instead, he should contact the Court Clerk's Office for further instruction.

s/ Nanette K. Laughrey<br>
NANETTE K. LAUGHREY<br>
United States District Judge

Dated: July 7, 2014
Jefferson City, Missouri

5